UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RENELL WILLIAMS,

        Petitioner,

                            CASE NO. 2:06-CV-13209
v.                                    HONORABLE ARTHUR J. TARNOW

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS**

I.     Introduction

Michael Renell Williams ("Petitioner"), a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to armed robbery and possession of a firearm during the commission of a felony in the Genesee County Circuit Court in 2003 and was sentenced to consecutive terms of 15 to 30 years imprisonment and two years imprisonment on those convictions.

Petitioner claims that the state trial court mis-scored two state sentencing variables (OV1 and OV4) in sentencing him in violation of *Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated defendant's Sixth Amendment right to trial by jury). Petitioner also asserts that defense counsel was ineffective for failing to object to the scoring of those offense variables. Petitioner has exhausted his claims in

1

the state courts. Respondent contends that Petitioner's sentencing claims are not cognizable on habeas review and/or lack merit. Respondent has not addressed the ineffective assistance of counsel claim.

II.   Discussion

   A.   Standard of Review

   Federal law imposes the following standard of review for habeas cases:

   An application for a writ of habeas corpus on behalf of a person in custody
   pursuant to the judgment of a State court shall not be granted with respect to any
   claim that was adjudicated on the merits in State court proceedings unless the
   adjudication of the claim –

   (1)   resulted in a decision that was contrary to, or involved an
         unreasonable application of, clearly established Federal law, as
         determined by the Supreme Court of the United States; or

   (2)   resulted in a decision that was based on an unreasonable
         determination of the facts in light of the evidence presented in the
         State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed." Because the state appellate courts did not specifically address whether the alleged errors constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of the claims is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006)

(quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

B.      Sentencing Claims

Petitioner asserts that he is entitled to habeas relief because he believes that the state trial court mis-scored the state sentencing guidelines and violated *Blakely, supra,* by relying upon facts not admitted by him in rendering his guilty plea. Specifically, Petitioner alleges that the trial court erred in sentencing him on the armed robbery conviction by assessing points based upon a finding that Petitioner pointed a gun at the victim (OV1) and inflicted psychological injury upon the victim (OV4) where Petitioner did not admit such facts at the plea or sentencing hearings.

As an initial matter, the Court notes that Petitioner's armed robbery sentence of 15 to 30 years imprisonment is within the statutory maximum of life imprisonment. *See* Mich. Comp. L. § 750.529. A sentence imposed within the statutory limits is not generally subject to habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *See Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Further, any claim that the sentencing guidelines were incorrectly scored under state law fails to state a claim upon which habeas relief can be granted. *Cook*, 56 F. Supp. 2d at 797.

Petitioner cannot prevail on his assertion that he is entitled to habeas relief because the trial judge relied upon facts not presented during the plea proceedings in imposing his sentence

3

in violation of the Sixth Amendment. *See Blakely*, 543 U.S. at 303-05. *Blakely* involved a trial court's departure from a state's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The statutory maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool,* 470 Mich. 715, 730 n. 14, 684 N.W.2d 278 (2004) (citing Mich. Comp. L. § 769.8). The minimum sentence for a defendant is based on the applicable sentencing guidelines ranges. *Id.* Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255 n. 7, 666 N.W.2d 231 (2003) (citing Mich. Comp. L. § 769.34(2)). The trial judge sets the minimum sentence, but can never exceed the statutory maximum sentence. *See Claypool,* 470 Mich. at 730 n. 14.

Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. In *People v. Drohan*, 475 Mich. 140, 160-62, 715 N.W.2d 778 (2006), the Michigan Supreme Court held that Michigan's indeterminate sentencing scheme does not offend the Sixth Amendment right to trial by jury because a defendant is subject to the statutory maximum sentence for purposes of *Blakely* and the Sixth Amendment does not entitle a defendant to a sentence below the statutory maximum. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's scoring of the sentencing guidelines did not violate Petitioner's Sixth Amendment rights. *See, e.g, Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198 (6th Cir. Oct. 26, 2007) (unpublished); *Delavern v. Harry*, No. 07-CV-13293, 2007 WL

2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *Connor v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D. Mich. May 4, 2007); *Jones v. Bergh*, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *McNall v. McKee*, No. 1:06-CV-760, 2006 WL 3456677, * 2 (W.D. Mich. Nov.30, 2006).[1] Habeas relief is therefore not warranted on these claims.

    C.    <u>Ineffective Assistance of Counsel Claim</u>

Petitioner relatedly asserts that defense counsel was ineffective for failing to object to the scoring of OV-1 and OV-4 at sentencing. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair proceeding. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate

---

[1] The Court notes that the United States Supreme Court has granted certiorari in *Oregon v. Ice*, _ S. Ct. _, 2008 WL 112170 (March 17, 2008), on the question of whether the Sixth Amendment, as construed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), requires that facts (other than prior convictions) necessary to imposing consecutive sentences be found by the jury or admitted by the defendant.

assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

In this case, Petitioner has not established that defense counsel was deficient and/or that he was prejudiced by counsel's conduct in not objecting to the scoring of OV-1 and OV-4 at sentencing. Counsel may have reasonably determined that such objections would be futile because there was evidence in the record to support the scoring of those offense variables. Although Petitioner admitted showing the victim his gun during the robbery but not pointing it at the victim (the difference between five and 15 points under OV-1), the victim testified at the preliminary examination that Petitioner grabbed her and pointed a gun at her head during the robbery. The trial court took note of this testimony in denying Petitioner's motion for re-sentencing.[2] Similarly, the victim testified about her psychological trauma at the sentencing

---

[2] Petitioner admits that the OV-1 scoring change alone would not have resulted in a lower guideline range. *See* Delayed Application for Leave to Appeal attached to petition, p. 7.

hearing. Given such facts, defense counsel may have reasonably decided not to challenge the scoring of the disputed offense variables. Instead of focusing on the crime, defense counsel emphasized Petitioner's history of drug problems as the cause for his actions. Moreover, the record indicates that defense counsel mounted a successful challenge to the scoring of another offense variable which decreased Petitioner's minimum sentencing guideline range. Given such circumstances, Petitioner has failed to establish that defense counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: March 31, 2008


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 31, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary