UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RENELL WILLIAMS,

        Petitioner,

                          CASE NO. 2:06-CV-13209
v.                      HONORABLE ARTHUR J. TARNOW

BLAINE LAFLER,

        Respondent.
_____/

## ORDER DENYING MOTION TO REVERSE OPINION AND ORDER

Michigan prisoner Michael Renell Williams ("Petitioner") pleaded guilty to armed robbery and possession of a firearm during the commission of a felony in the Genesee County Circuit Court and was sentenced to consecutive terms of 15 to 30 years imprisonment and two years imprisonment on those convictions in 2003. Petitioner challenged his sentence in a habeas action brought pursuant to 28 U.S.C. § 2254 before this Court. Petitioner claimed that the state trial court mis-scored two state sentencing variables (OV1 and OV4) in violation of *Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated defendant's Sixth Amendment right to trial by jury) and that defense counsel was ineffective for failing to object to the scoring of the disputed offense variables. The Court determined that the claims lacked merit and denied the petition in 2008. Petitioner filed a notice of appeal with the United States Court of Appeals which was dismissed as untimely in 2009. This matter is now before the Court on Petitioner's "Motion to Reverse Opinion and Order Denying Petition for Writ of Habeas Corpus and Reopen Original Habeas Proceeding Pursuant to FRCP 60(d)(1)," which was filed on July 10, 2013.

Petitioner brings this motion under Federal Rule of Civil Procedure 60(d), which reads:

Other Powers to Grant Relief.  This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).  An independent action under Rule 60(d) is an equitable action, which has no time limitation.  *Mitchell v. Rees*, 651 F.3d 593, 594–95 (6th Cir. 2011). Its elements are:

(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id*. at 595 (citing *Barrett v. Secretary of Health & Human Svs.*, 840 F.2d 1259, 1263 (6th Cir. 1987)).  An independent action under Rule 60(d) is available to prevent "a grave miscarriage of justice."  *Id*. (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998), and citing cases).  This is a "'stringent' and 'demanding' standard," and, because Petitioner seeks relief from judgment in a habeas case, he must make a strong showing of actual innocence to establish that relief is required.  *Id*. at 595–96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998), and *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Petitioner makes no such showing.  Rather, he merely re-argues issues previously addressed by the Court and/or raises claims concerning his sentence which could have been raised in his initial habeas proceeding.  His claim that the written state court judgment conflicts

Williams v. Lafler
2:06-CV-13209
Page 3 of 5

with the state trial court's oral pronouncement at sentencing does not warrant the extraordinary remedy he seeks in this action. Petitioner has not shown that the Court erred in denying his petition for a writ of habeas corpus, that he is innocent, or that he is otherwise entitled to relief under Federal Rule of Civil Procedure 60(d)(1). Accordingly, the Court **DENIES** Petitioner's motion. This case remains closed.

    **IT IS ORDERED**.

                            s/Arthur J. Tarnow
                            Arthur J. Tarnow
                            Senior United States District Judge

Dated: July 19, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 19, 2013, by electronic and/or ordinary mail.

                            s/Catherine A. Pickles
                            Judicial Assistant