UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RENELL WILLIAMS,

        Petitioner,

                              CASE NO. 2:06-CV-13209
v.                          HONORABLE ARTHUR J. TARNOW

BLAINE LAFLER,

        Respondent.
_____/

## ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

Michigan prisoner Michael Renell Williams ("Petitioner") pleaded guilty to armed robbery and possession of a firearm during the commission of a felony in the Genesee County Circuit Court and was sentenced to consecutive terms of 15 to 30 years imprisonment and two years imprisonment in 2003. Petitioner challenged his sentence in a habeas action brought pursuant to 28 U.S.C. § 2254 before this Court. He claimed that the state trial court mis-scored two state sentencing variables (OV1 and OV4) in violation of *Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated defendant's Sixth Amendment right to trial by jury) and that defense counsel was ineffective for failing to object to the scoring of the disputed offense variables. The Court determined that the claims lacked

merit and denied the petition in 2008. Petitioner filed a notice of appeal with the United States Court of Appeals which was dismissed as untimely in 2009.

On July 10, 2013, Petitioner filed a "Motion to Reverse Opinion and Order Denying Petition for Writ of Habeas Corpus and Reopen Original Habeas Proceeding Pursuant to FRCP 60(d)(1)." The Court denied the motion finding that Petitioner merely re-argued issues previously addressed by the Court and/or raised claims concerning his sentence which could have been raised in his initial habeas proceeding. The Court further found that Petitioner had not shown that the Court erred in denying his habeas petition, that he is innocent, or that he is otherwise entitled to relief under Federal Rule of Civil Procedure 60(d)(1). The Court also denied Petitioner's motion for reconsideration of that ruling. Petitioner has filed a notice of appeal. This matter is now before the Court on Petitioner's motion for a certificate of appealability concerning the denial of his post-judgment motion, as well as his motion to proceed *in forma pauperis* on appeal.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that

jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

With *Slack v. McDaniel* in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); *Carr v. Warren*, No. 05–CV–73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).  Having considered the matter, the Court concludes that Petitioner has failed to demonstrate that jurists of reason would find it debatable that the Court abused its discretion in denying his motion.  Accordingly, the Court **DENIES** Petitioner's motion for a certificate of appealability.

A party to a district court action who seeks to appeal *in forma pauperis* must file a motion in the district court.  Fed. R. App. P. 24(a)(1).  An appeal may not be taken *in forma pauperis* if the court determines that it is cannot be taken in good faith.  28 U.S.C. § 1915(a)(3).  Having considered the matter, the Court concludes that an appeal cannot be

taken in good faith.    Accordingly, the Court **DENIES** Petitioner's motion to proceed *in forma pauperis* on appeal.  This case remains closed.

    **IT IS ORDERED**.

                  S/Arthur J. Tarnow
                  Arthur J. Tarnow
                  Senior United States District Judge

Dated: August 29, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 29, 2013, by electronic and/or ordinary mail.

                  S/Catherine A. Pickles
                  Judicial Assistant